```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------X

Koon Chun Hing Kee Soy & Sauce Factory, Ltd.,
                                                    07-CV-3224
                        Plaintiff,                  (CPS)(SMG)

        - against -

Excelsior Trading Corp., d/b/a Excelsior            ORDER
Trading New York, L.W. Import, Inc., Highland
Trading, Inc., Tony Lam, Tung Lam a/k/a Tony
Lam, Jane Chow a/k/a Ms. Chow, first name
unknown, and John Does 1-10,


                        Defendants.

---------------------------------------------X
```

For the reasons and upon the findings of fact and conclusions of law set forth in the accompanying Memorandum Opinion and Order of September 18, 2007, it is hereby

ORDERED that defendants Excelsior Trading Corp., d/b/a Excelsior Trading New York, Tony Lam, Tung Lam a/k/a Tony Lam, and Mandy Chow a/k/a Jane Chow a/k/a Ms. Chow, their officers, agents, servants, employees and attorneys and all those persons in active concert or participation with them who receive actual notice of this order are enjoined, pending trial in this matter, from:

    1) imitating, copying or making other unauthorized use of the registered trademark of Koon Chun Soy and Sauce Factory or any reproduction, simulation or colorable imitation thereof ("imitation trademark"), including affixing, applying, annexing or using plaintiff's trademark in connection with any product, designs, containers, labels, displays, signs, prints, packages,

wrappers, receptacles, promotions, or advertisements;

2) procuring any product bearing any unauthorized version of plaintiff's trademark or any imitation trademark, causing said products to enter into or be used in commerce, or causing said products to be transported to be used in commerce or delivering them to a carrier to be transported to be used in commerce;

3) manufacturing, producing, distributing, importing, accepting for consignment, shipping, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any unauthorized version of plaintiff's trademark or any imitation trademark;

4) using any unauthorized version of plaintiff's trademark or any imitation trademark in connection with the manufacture, production, distribution, importation, shipment, circulation, sale, offering for sale, advertisement, promotion or display of any product;

5) making any statement or representation or using any false designation of origin or false description (including, without limitation, letters and symbols), or performing any act which can or is likely to lead the trade or public, or individual members thereof, to believe that any product manufactured, distributed or sold by defendants is manufactured, distributed, sold, licensed, sponsored, approved or otherwise authorized by

plaintiff or comes from the same commercial source as plaintiff's goods;

6) engaging in any other activity constituting an infringement of plaintiff's trademark, or any of plaintiff's rights in, to use, or to exploit said trademark, or constituting any dilution of plaintiff's trademark, reputation or goodwill;

7) destroying, removing, transferring, secreting, modifying, altering or otherwise disposing or affecting any merchandise, products or records relating to merchandise or products bearing any unauthorized version of plaintiff's trademark or any imitation trademark;

8) destroying, removing, transferring, secreting, modifying, altering or otherwise disposing or affecting any documents, books, or records relating to the purchase, sale, importation, or shipment of any merchandise or products bearing any unauthorized version of plaintiff's trademark or any imitation trademark;

9) passing off or inducing or enabling others to pass off as genuine any products bearing any unauthorized version of plaintiff's trademark or any imitation trademark;

10) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities described herein; and it is further

ORDERED that the effectiveness of this preliminary

injunction be conditioned on the maintenance of plaintiff's currently posted bond in the amount of Five Thousand dollars ($5,000) for the payment of such costs and damages as may be incurred or suffered by defendants in the event they are found to have been wrongfully enjoined or restrained.

The Clerk is directed to transmit a copy of the within to all parties and the magistrate judge.

SO ORDERED.

Dated :   September 18, 2007
          Brooklyn, New York

                    By: /s/ Charles P. Sifton (electronically signed)
                                United States District Judge