UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X

Koon Chun Hing Kee Soy & Sauce Factory, Ltd.,

                              Plaintiff,

        - against -

Excelsior Trading Corp., d/b/a Excelsior
Trading New York, L.W. Import, Inc., Highland
Trading, Inc., Tony Lam, Tung Lam a/k/a Tony
Lam, Jane Chow a/k/a Ms. Chow, first name
unknown, and John Does 1-10,

                              Defendants.

------------------------------------------X

07-CV-3224
(CPS)(SMG)

MEMORANDUM
OPINION AND
ORDER

SIFTON, Senior Judge.

        Plaintiff Koon Chun Hing Kee Soy & Sauce Factory, Ltd.

("Koon Chun"), brings this action against defendants Excelsior

Trading Corp. d/b/a Excelsior Trading New York ("Excelsior");

L.W. Import, Inc. ("L.W."); Highland Trading, Inc. ("Highland");

Tony Lam; Tung Lam a/k/a Tony Lam ("Lam"); Mandy Chow a/k/a Jane

Chow a/k/a Ms. Chow ("Chow"); and John Does 1-10.  Plaintiff

claims that defendants engaged in (1) trademark infringement in

violation of 15 U.S.C. § 1114; (2) counterfeiting in violation of

15 U.S.C. § 1116; (3) trade dress infringement in violation of 15

U.S.C. § 1125(a); (4) unfair competition in violation of 15

U.S.C. § 1125(a); (5) dilution in violation of NY Gen. Bus. Law,

Section 360-L; and (6) common law unfair competition.  Presently

before this Court is plaintiff's motion for sanctions on account

of defendants' alleged spoliation of evidence and violation of

this Court's temporary restraining and preliminary injunction orders. For the reasons set forth below, plaintiff's motion is denied.

**Background**

To the extent discussed in this Court's prior opinion, familiarity with the facts is assumed. *See Koon Chun v. Excelsior Trading Co.*, No. CV 07-3224, 2007 WL 2743579 (E.D.N.Y. September 18, 2007). The procedural history and factual developments over the course of discovery that are described below draw from the record of the proceedings before the undersigned and the submissions of the parties in connection with this motion. Disputes are noted.

On August 6, 2007, the undersigned granted plaintiff's motion for an *ex-parte* seizure order and temporary restraining order (TRO), effective from the date of seizure, against all defendants in the instant action.

The seizure was conducted on August 14, 2007, at which time the TRO was served on defendants. The TRO restrained defendants from "destroying, buying, selling or otherwise disposing of any merchandise bearing Plaintiff's Trademark which is not manufactured by the plaintiff." TRO, dated August 6, 2007, p. 9.

The seizure was confirmed by this Court after a hearing on August 16, 2007, on which date the TRO was extended until September 4, 2007. On August 30, 2007, defendants' counsel

entered a notice of appearance. On August 31, 2007, the parties consented to a further extension of the TRO until September 18, 2007, which was "so ordered" by this Court on September 13, 2007. On September 18, 2007, I granted plaintiff's motion for a preliminary injunction against defendants Excelsior, Lam, and Chow and denied a preliminary injunction as to defendants L.W. and Highland. The preliminary injunction issued by this Court enjoined defendants Excelsior, Lam, Chow, and their officers, agents, servants, employees and attorneys from:

> destroying, removing, transferring, secreting, modifying, altering or otherwise disposing or affecting any merchandise, products or records relating to merchandise or products bearing any unauthorized version of plaintiff's trademark or any imitation trademark . . .

Preliminary Injunction ¶ 7.

On September 21, 2007 and September 25, 2007, defendant Lam was deposed. He testified that he is the president of both Excelsior Trading Corporation and L.W. Import Inc., and that L.W. does business as Excelsior Trading Company.[1] Deposition of Tung Lam ("Lam Dep.") at 10-11, Plaintiff's Reply Exhibit B. Lam testified that L.W., Highland, and Excelsior Trading Corporation all operate from the same location and use the same phone number. Lam also testified that Excelsior Trading Corporation is involved in the trade of what he described as utility items. *Id.* at 20-

---

[1] Plaintiff's complaint identifies Excelsior Trading Corporation as doing business as Excelsior Trading New York.

22. Lam testified that he and his employee, Chow, place orders for Koon Chun products on behalf of L.W. *Id.* at 45.

During his deposition, Lam identified an August 15, 2007 invoice documenting the return of Koon Chun products to Murray International Trading Co., Inc. ("Murray"), a defendant in a related action (07-CV-3781). Lam Dep. at 152. Lam states that the products returned to Murray were genuine Koon Chun products that were not seized by the U.S. marshals during the August 14, 2007 seizure. Lam Declaration ¶ 15. Lam states that he returned the products to Murray so that he could bring their business dealings to an end. *Id.* Buckley Chin ("Chin"), an officer of Murray, testified during his deposition that Lam had called him prior to returning the goods and informed him a customer had complained that the products were not good. Deposition of Buckley Chin ("Chin Dep.") at 211-212, Plaintiff's Supplemental Reply Exhibit A. Chin also stated that at the time of the August 2007 return Lam did not tell him about the lawsuit commenced by Koon Chun against Lam and Excelsior. *Id.* at 212. According to Chin, the returned goods were not inspected upon their return and were eventually thrown out by Murray's warehouse workers. *Id.* at 333-334.

On October 22, 2007, defendant Lam received 109 cases of Koon Chun products that were returned by his customer R & S Products, Inc. Lam Declaration ¶ 19. According to Lam, these

products had been purchased from Murray. *Id.* Lam states that he returned the 109 cases to Murray thinking that this Court's order permitted the return of products to the source from which he purchased them. *Id.* ¶ 20. Lam maintains that neither defendant Chow nor defendant Highland had any part in the return of the goods. *Id.* ¶ 3.

During the week of November 19, 2007, Lam informed plaintiff's employee Raymond Chan ("Chan") that he had returned "Koon Chun" products to Murray. Declaration of Raymond Chan ¶ 9; Declaration of Joseph Roccanova ("Roccanova Decl.") ¶ 17. On November 21, 2007, Koon Chun wrote to Excelsior and Lam's attorney to inform him that defendants were in violation of the preliminary injunction. Roccanova Decl. ¶¶ 17, 18; Letter to Kevin Tung, dated November 21, 2007, Plaintiff's Exhibit S. Counsel for defendants responded that his clients had inadvertently returned the Koon Chun products to Murray and that he had advised his clients of the violation of the order. Letter to Joseph Roccanova, dated November 21, 2007, Plaintiff's Exhibit T. Plaintiff thereafter learned that Murray had destroyed at least 91 of the cases returned by Excelsior. Roccanova Declaration ¶ 22.

## Discussion

*Spoliation of Evidence*

Spoliation of evidence consists of "the destruction or

significant alteration of evidence, or the failure to preserve
property for another's use as evidence in pending or reasonably
foreseeable litigation." *West v. Goodyear Tire and Rubber Co.*,
167 F.3d 776, 779 (2d Cir. 1999).

Sanctions may be imposed for the spoliation of evidence
pursuant to Federal Rule of Civil Procedure 37,[2] or in the
absence of a discovery order, under the court's "inherent power
to control litigation." *West,* 167 F.3d at 779.  The sanction
imposed should: "(1) deter parties from engaging in spoliation;
(2) place the risk of an erroneous judgment on the party who
wrongfully created the risk; and (3) restore 'the prejudiced
party to the same position he would have been in absent the
wrongful destruction of evidence by the opposing party.'" *Id.*
(quoting *Kronisch v. United States,* 150 F.3d 112, 126 (2d Cir.
1998)).  "In determining whether a court should exercise its
authority to impose sanctions for spoliation, a threshold
question is whether a party had any obligation to preserve the
evidence." *Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68,
72 (S.D.N.Y. 1991).  The most severe sanctions should not be
imposed unless spoliation "'is due to willfulness, bad faith,
fault or gross negligence, rather than inability to comply or
mere oversight.'" *Handwerker v. AT & T Corp.*, 211 F.R.D. 203, 209

---

[2] Federal Rule of Civil Procedure 37 provides for the imposition of
sanctions "[i]f a party . . . fails to obey an order to provide or permit
discovery . . ." Fed. R. Civ. P. 37(b).

-7-

(S.D.N.Y. 2002)(quoting *Hochberg v. Howlett*, 92-CV-1822, 1994 WL 174337, *3 (S.D.N.Y. 1994)); *see also Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986); *Luft v.Crown Publishers, Inc.*, 906 F.2d 862, 865 (2d Cir. 1990).

Plaintiff alleges two discrete incidents involving the spoliation of evidence on the part of defendants. Plaintiff seeks sanctions in the form of striking defendants' answer and entering a default judgment against them or in the alternative, precluding defendants' opposition to plaintiff's claims and granting a presumption in plaintiff's favor on all of its claims. In order to prevail on this motion, plaintiff has the burden of establishing that the returned products were not genuine.

The first incident occurred on August 15, 2007, one day after the execution of the *ex-parte* seizure order and service of the TRO. I see no reason to doubt defendants' explanation that the products returned to Murray on August 15, 2007 were genuine Koon Chun products that the marshals had not seized. I also note that at the time the TRO was served, defendants had not yet retained an attorney or appeared before the undersigned. Accordingly, I find that the August 2007 return to Murray does not constitute spoliation of evidence.

With respect to the October 2007 transfer of Koon Chun products to Murray, I do not accept defendants' excuse that they did not know that their actions would violate the preliminary

injunction order. The preliminary injunction order is clear and unambiguous. If defendants had any questions about the scope of the order, they should have consulted their attorney prior to transferring any Koon Chun products to Murray. Nonetheless, I again credit defendants' explanation that they were under the impression that Murray was also subject to a court order forbidding the destruction of evidence and that as a result, they had no reason to believe that the transfer of goods would result in destruction. No evidence has been produced sufficient to establish an intent to have the evidence destroyed. Therefore, I do not find that the transfer constitutes spoliation of evidence.

Even if defendants had spoliated evidence, I would not conclude that their actions warrant the drastic sanctions that plaintiff seeks. Defendants' actions have not severely prejudiced plaintiff which has already seized 236 cases of counterfeit products from defendants' warehouse in August 2007 as well as an additional 54 cases of counterfeit Koon Chun products in October 2007 from Combo Trading Inc., a defendant in a related action (07-CV-3881), which had purchased the seized products from the defendants in this action. Koon Chun also has invoices for the cases that were destroyed. Accordingly, I find that sanctions against defendants for the spoliation of evidence are not warranted.

*Contempt of Court*

> On a motion for civil contempt due to a violation of an
> order of the Court, the Court may exercise its inherent
> authority to find a party in contempt when '(1) the order
> the party allegedly failed to comply with is clear and
> unambiguous, (2) the proof of noncompliance is clear and
> convincing, and (3) the party has not diligently attempted
> in a reasonable manner to comply.'

*Aqua Grill, Inc. v. S.T.F.B. Corp.,* No. 96-CV-4780, 1997 WL

563305, at *3 (S.D.N.Y. 1997)(quoting *N.Y. State National*

*Organization for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir.

1989). "A clear and unambiguous order is one that leaves no

uncertainty in the minds of those to whom it is addressed, . . .

who must be able to ascertain from the four corners of the order

precisely what acts are forbidden. . ." *King v. Allied Vision,*

*Ltd.,* 65 F.3d 1051, 1058 (2d Cir. 1995)(internal quotation marks

and citations omitted).

Courts may impose sanctions on the party held in contempt.

The purpose of civil contempt sanctions is to "coerce the

contemnor into future compliance with the court's order or to

compensate the complainant for losses resulting from the

contemnor's past noncompliance." *Terry*, 886 F.2d at 1352.

"Since a contempt order is a potent weapon . . . courts should be

cautious in imposing this sanction if there is a fair ground of

doubt as to the wrongfulness of the defendant's conduct." *Bowens*

*v. Atlantic Maintenance Corp.,* No. 06-CV-809 2008 WL 704319, at

*4 (E.D.N.Y. 2008)(internal quotation marks and citations

omitted).

Crediting defendants' explanation for their August 2007
transfer of Koon Chun products, defendants will not be held in
contempt of court for violating the TRO.

Turning to the preliminary injunction order, defendants
maintain that they had no knowledge that the order prohibited
their return of Koon Chun products and at the worst they acted
negligently by transferring Koon Chun products to Murray in
October 2007.

As stated earlier, the preliminary injunction was clear and
unambiguous.  The order clearly enjoined defendants Lam, Chow,
and Excelsior from "destroying, removing, transferring,
secreting, modifying, altering or otherwise disposing or
affecting" any counterfeit Koon Chun products.  Although L.W. was
not enjoined by the order, defendant Lam, who transferred the
goods on L.W.'s behalf, was subject to the order's conditions.
Moreover, all of the defendants had an obligation to preserve
evidence as parties to this action.  There is also sufficient
proof of noncompliance in the form of Lam's admission that the
products were returned to Murray.

Despite defendants' obligations to preserve evidence, I
decline to hold them in contempt of court at this time.
Defendants have otherwise complied with the terms of the
preliminary injunction and their discovery obligations.  Although

-11-

plaintiff has lost evidence in support of its claims, plaintiff still has a sufficient amount of other evidence in its possession to move forward.  In addition, plaintiff has not identified any other losses on account of the destruction of the counterfeit products.  Therefore, I do not find that sanctions are necessary to force defendants' compliance or compensate the plaintiff for losses.  Accordingly, plaintiff's motion for civil contempt sanctions is denied.

### Conclusion

For the reasons set forth above, plaintiff's motion is denied.  The Clerk is directed to transmit a copy of the within to the parties and the Magistrate Judge.

SO ORDERED.

Dated: Brooklyn, NY
       April 14, 2008


       By:              /s/ Charles P. Sifton (electronically signed)
                        United States District Judge